Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about July 18, 2012, which, in an action for personal injuries arising out of a motor vehicle accident, granted defendant Carlos Brizuela’s motion for summary judgment dismissing the complaint and all cross claims as against him, unanimously affirmed, without costs.
The motion court providently exercised its discretion in determining that it could consider the emergency doctrine affirmative defense. Although the defense was not pleaded by defend *422 dant Brizuela in his answer, the deposition testimony set forth facts that constituted an emergency situation and the facts were well-known to plaintiff (see Edwards v New York City Tr. Auth., 37 AD3d 157, 158 [1st Dept 2007]; Bello v Transit Auth. of N.Y. City, 12 AD3d 58, 61 [2d Dept 2004]).
Here, defendant submitted evidence sufficient to establish that he was faced with a sudden and unforseen occurrence that was not of his own making (see Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991]). Plaintiff testified that he was riding his motorcycle in congested traffic conditions when he was unexpectedly thrown from his motorcycle after hitting a pothole while defendant was driving a minivan behind him. Plaintiff stated that he had been lying in the road for “less than a second” to approximately four seconds when he was hit by the minivan and that the van’s two front tires then went onto the sidewalk. Defendant testified that plaintiffs motorcycle was approximately six meters ahead of him when it fell, and that, after he saw the motorcycle fall, he turned his minivan towards the sidewalk to avoid plaintiff.
Given the parties’ testimony, the court correctly determined that defendant had met his initial burden of establishing his entitlement to summary judgment based on the emergency doctrine (see Dattilo v Best Transp. Inc., 79 AD3d 432, 433 [1st Dept 2010]; Coleman v Maclas, 61 AD3d 569 [1st Dept 2009]). In opposition, plaintiff failed to raise a triable issue as he presented only unsubstantiated assertions and speculation that defendant may have breached a duty of care (see Vitale v Levine, 44 AD3d 935, 936 [2d Dept 2007]). Concur — Friedman, J.P., Moskowitz, Richter, Manzanet-Daniels and Gische, JJ. [Prior Case History: 2012 NY Slip Op 32096(U).]