■ CUMAN CROPPER, Respondent, v M.D. STEWART et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY, Appellant, and PAPER CAB CORPORATION et al., Respondents. [984 NYS2d 374]—

Judgment, Supreme Court, New York County (Donna Mills, J.), entered November 15, 2012, upon a jury verdict in favor of plaintiff which, to the extent appealed from as limited by the briefs, found defendant New York City Transit Authority (NYCTA), liable for plaintiff's injuries, unanimously reversed, on the law, without costs, the judgment vacated and the complaint dismissed as against NYCTA. The Clerk is directed to enter judgment accordingly.

A defendant is not liable where he or she is faced with a sudden and unforeseen occurrence that was not of his own making (*see Mendez v City of New York*, 110 AD3d 421 [1st Dept 2013]). Here, defendant cab driver opened his driver's side door, causing plaintiff to be thrown from his bicycle into the path of an oncoming bus. Testimony concerning the length of time that elapsed from plaintiff being thrown from his bike and the impact with the bus consistently stated that it was only an instant or a second, an insufficient length of time to constitute actionable negligence (*see Mendez* at 422; *see also Splain v New York City Tr. Auth.*, 180 AD2d 454 [1st Dept 1992], *lv denied* 80 NY2d 759 [1992]). The only evidence that could have served as the basis for the jury's verdict against NYCTA was erroneously admitted, since it was based in whole or in part upon NYCTA's internal rules and standards which hold NYCTA to a higher standard of care than the common law (*see Williams v New York City Tr. Auth.*, 108 AD3d 403, 404 [1st Dept 2013]).

In light of the foregoing, we need not consider appellant's remaining contentions. Concur—Tom, J.P., Friedman, Andrias, Saxe and DeGrasse, JJ.