■ FATUMATA B., as Mother and Natural Guardian of ANSUMANA B., an Infant, Appellant, v PIONEER TRANSPORTATION CORP. et al., Defendants, and JORGE A. SOTO, Respondent. [988 NYS2d 31]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered April 15, 2013, which, insofar as appealed from, granted defendant Jorge A. Soto's motion for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.

Soto and other witnesses testified that the infant plaintiff ran into the path of Soto's car from between two parked school buses. Although Soto did not expressly plead the applicability of the emergency doctrine as an affirmative defense, he did plead, as parts of his affirmative defenses, that the accident was solely the result of the infant plaintiff's negligence in "walking into the path" of his vehicle "at a place other than a crosswalk." Accordingly, the motion court "providently exercised its discretion in determining that it could consider the emergency doctrine affirmative defense" (*Mendez v City of New York*, 110 AD3d 421, 421 [1st Dept 2013]).

By producing evidence that he was not speeding and was driving only about 15 miles per hour, that none of the parked school buses had their flashing lights on, and that the infant plaintiff darted out from between two parked school buses into the path of his car, Soto established his entitlement to judgment as a matter of law (*see Ramirez v Molina*, 114 AD3d 540 [1st Dept 2014]; *Brown v Muniz*, 61 AD3d 526, 527 [1st Dept 2009], *lv denied* 13 NY3d 715 [2010]).

In opposition, plaintiff failed to raise a triable issue of fact. The infant plaintiff's testimony that he walked, rather than ran, into the street, does not avail him, as he also testified, consistent with the other witnesses' accounts, that Soto did not have any opportunity to stop, that he proceeded out from between two buses, and that he did not see the car before it hit him.

Furthermore, no issues of fact exist as to whether Soto's low

speed of 15 miles per hour was excessive. It is undisputed that the parked school buses did not have any flashing lights on, and there is no evidence indicating that children were actively entering or exiting the buses. A driver in an area where children are present "need not exercise extreme care or caution, although [he or] she must exercise the care that a reasonably prudent person would exercise under the circumstances" (*DeJesus v Alba*, 63 AD3d 460, 463 [1st Dept 2009] [internal quotation marks omitted], *affd* 14 NY3d 860 [2010]). In this regard, the comment of one of the witnesses, a school bus driver, that she thought Soto was driving "a little fast" does not suffice to raise an issue of fact that he was driving at an unreasonably high rate of speed (*see Vega v MTA Bus Co.*, 96 AD3d 506, 507 [1st Dept 2012]; *Murchison v Incognoli*, 5 AD3d 271 [1st Dept 2004]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Renwick, Gische and Clark, JJ.