■ Lynn Mayo, Appellant, v Joshua Kim, Respondent. [24 NYS3d 58]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about August 7, 2014, which, insofar as appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint based on plaintiff's inability to establish that she suffered a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about May 1, 2015, which, upon reargument, adhered to the prior determination, unanimously dismissed, without costs.

Plaintiff alleges that she suffered serious injury to her cervical and lumbar spine as the result of a motor vehicle accident in October 2010. About a year before the accident, plaintiff was diagnosed with "severe arthritis" in the lumbar spine, and underwent a lumbar discectomy and fusion for which she was still being treated at the time of the accident.

Defendant made a prima facie showing that plaintiff did not suffer a serious injury to her lumbar spine as a result of the accident by submitting the expert report of a neurologist, who noted that MRIs taken before and after the accident revealed no changes causally related to the accident and found no limitations in range of motion (*see Chaston v Doucoure*, 125 AD3d 500, 500 [1st Dept 2015]). Defendant's neurologist also found full range of motion in plaintiff's cervical spine, and noted that there was no medical history of treatment of plaintiff's left knee in the period following the accident (*see Kang v Almanzar*, 116 AD3d 540, 540 [1st Dept 2014]).

In opposition, plaintiff failed to raise an issue of fact. Plaintiff's rehabilitation physician provided only a conclusory opinion that the lumbar spine condition was caused or aggravated by the accident, without addressing the preexisting degenerative conditions documented in plaintiff's own medical records or explaining why her current reported symptoms were not related to the preexisting condition (*see Rivera v Fernandez & Ulloa Auto Group*, 123 AD3d 509, 510 [1st Dept 2014], *affd* 25 NY3d 1222 [2015]; *Alvarez v NYLL Mgt. Ltd.*, 120 AD3d 1043, 1044 [1st Dept 2014], *affd* 24 NY3d 1191 [2015]). Plaintiff presented no objective evidence of injury to her cervical spine or of any limitation in use of her cervical spine following the accident. To the extent plaintiff now claims an injury to her left knee, which was not pleaded in her bill of particulars, she presented only an unaffirmed MRI report of a test performed over two years after the accident that showed an arthritic

condition, and provided no evidence of any limitations in use of the knee. Concur—Friedman, J.P., Renwick, Saxe and Moskowitz, JJ.