■ Mayan Nakamura, Appellant, v Isabel Montalvo et al., Respondents. [29 NYS3d 285]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered June 11, 2015, which granted defendants' motions for summary judgment dismissing the complaint based on the lack of a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not suffer a permanent or significant limitation in use of her cervical or lumbar spine as a result of the 2012 motor vehicle accident at issue. Defendant submitted an orthopedic surgeon's report finding normal range of motion in each part, as well as plaintiff's own deposition testimony and medical records, which showed that she was previously treated for injuries to her cervical and lumbar spine following a motor vehicle accident in 2006 (see Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]; Acosta v Vidal, 119 AD3d 408, 408 [1st Dept 2014]). The medical records relied on by defendants included a report by plaintiff's chiropractor, who stated that a report of an MRI of the lumbar spine taken after the 2012 accident correlated with the findings of a 2006 MRI (see Mitrotti v Elia, 91 AD3d 449, 450 [1st Dept 2012]).

In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff submitted the affirmed reports prepared by her radiologist in 2012, who found that the 2012 MRIs of plaintiff's lumbar spine and cervical spine correlated with the findings of the 2006 MRIs, showing "again" the same bulging and herniated discs. Plaintiff's chiropractor provided only a conclusory opinion that plaintiff's injuries were caused by the 2012 accident, without addressing the preexisting conditions documented in plaintiff's own medical records, or explaining why her current reported symptoms were not related to the preexisting conditions (see Pommells v Perez, 4 NY3d 566 [2005]; Alvarez, 120 AD3d at 1044; Dawkins v Cartwright, 111 AD3d 559 [1st Dept 2013]). Further, upon a recent examination, plaintiff's doctor found only minor limitations in lumbar range of motion and no limitations in cervical range of motion, which is insufficient to demonstrate a serious injury involving significant or permanent limitations in use (see Mayo v Kim, 135 AD3d 624, 625-626 [1st Dept 2016]).

Defendants established that plaintiff did not suffer a 90/180-day claim by relying on her bill of particulars stating that she was confined to bed for one day following the accident and was confined to home for one week following the accident, her testimony that she missed less than two weeks of work, and her chiropractor's certification that she was ready to return to regular duty one week after the accident (see Streeter v Stanley,

128 AD3d 477, 478 [1st Dept 2015]; *Frias v Son Tien Liu*, 107 AD3d 589, 590 [1st Dept 2013]). The absence of evidence of a causal connection between the 2012 accident and plaintiff's injuries also requires dismissal of this claim (*see Rampersaud v Eljamali*, 100 AD3d 508, 509 [1st Dept 2012]). Concur—Mazzarelli, J.P., Renwick, Moskowitz, Kapnick and Kahn, JJ.