LUJANNY LOPEZ, Appellant, v ARIOSTO MOREL-ULLA et al., Respondents. [41 NYS3d 39]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about February 9, 2015, which granted the motion of defendants Ariosto Morel-Ulloa and Castillo Auto Corp. (Castillo defendants) for summary judgment dismissing the complaint as against them based on their lack of liability for the motor vehicle accident, and granted defendant Gail Fernandez's cross motion for summary judgment dismissing the complaint as against her based on plaintiff's inability to meet the serious injury threshold of Insurance Law § 5102 (d), unanimously modified, on the law, to deny defendant Fernandez's cross motion and reinstate plaintiff's complaint to the extent based on claims of serious injury to her lumbar spine and within the 90/180-day category, and otherwise affirmed, without costs.

Plaintiff alleges she suffered serious injuries to her knees, back and neck as the result of an accident that occurred when defendant Fernandez's car collided with the Castillo defendants' livery cab in which she was a passenger.

The Castillo defendants established their absence of fault in connection with the accident. Defendant Morel-Ulloa testified that Fernandez's vehicle backed up into the cab while it was stopped to discharge plaintiff, even though he honked his horn in warning; plaintiff testified that Fernandez's car backed into the cab while it was slowing down; and Fernandez did not believe there was an accident, but testified that she rolled back slightly to let a truck pass and was informed that she made contact with another vehicle. While these versions differ, none of them provide any basis for finding that Morel-Ulloa was at fault. Fernandez did not oppose the motion, and thus did not offer any further explanation for her action in rolling back into the Castillo vehicle, which is negligent as a matter of law (see Vehicle and Traffic Law § 1211 [a]; Garcia v Verizon N.Y., Inc., 10 AD3d 339 [1st Dept 2004]). Plaintiff's assertion that Morel-Ulloa could have done something to avoid the accident does not raise an issue of fact, since it is speculative (10 AD3d at 340; Mendez v City of New York, 110 AD3d 421 [1st Dept 2013]).

Defendants made a prima facie showing of a lack of serious injury through the reports of their radiologist, who found MRI evidence of preexisting degenerative disease in the claimed injured body parts, and their orthopedist, who found normal to near normal ranges of motion and no evidence of orthopedic injury caused by the subject accident (*see Clementson v Price*, 107 AD3d 533 [1st Dept 2013]).

In opposition, plaintiff raised an issue of fact as to whether she sustained serious injuries to her lumbar spine, by submitting the affirmation of her treating physician, who rendered a nonconclusory opinion adequately addressing the defense claims that the spine injury was degenerative, and found limitations caused by the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350, 353 [2002]).

Plaintiff's treating surgeon also adequately addressed the evidence of degeneration in her knees, which was acknowledged by her own radiologist's report, and explained why he believed the accident caused the meniscal tears that he observed in both knees during surgery. However, the limitations that the surgeon measured in both knees were minor, and therefore insufficient to raise an issue of fact as to significant or permanent consequential limitations in use of her knees (*see Pantojas v Lajara Auto Corp.*, 117 AD3d 577, 578 [1st Dept 2014]). As to the cervical spine claim, plaintiff's doctor rebutted the defense claims of degeneration, but did not provide any evidence of limitations. Absent limitations, there is no serious injury (*see Mayo v Kim*, 135 AD3d 624, 625 [1st Dept 2016]). In any event, if plaintiff establishes a serious injury to her lumbar spine at trial, she will be entitled to recover damages for all injuries caused by the accident, even those that do not meet the serious injury threshold (*see Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549-550 [1st Dept 2010]).

As to plaintiff's 90/180-day claim, plaintiff argues that defendants failed to make a prima facie showing that she cannot demonstrate such a claim. Defendants make no argument in opposition, and the claim is therefore reinstated.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Feinman and Gische, JJ.