■ LUCILA SAVINON, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [64 NYS3d 2]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered November 28, 2016, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff was a passenger on defendant's bus, which was operated by its employee Alvin Hamblin, when a man attempted to board the bus without paying the fare and then assaulted Hamblin. During the altercation, passengers fled to the rear of the bus, yelling for the rear exit door to be opened. Plaintiff, who was in the rear of the bus at the time, suffered a panic attack, which allegedly caused a condition that necessitated implanting a defibrillation device in her chest.

Defendant established entitlement to judgment as a matter of law as to plaintiff's negligence claim by submitting evidence showing that the incident was the result of an emergency situation that was not of Hamblin's own making and that afforded him little or no time to consider an alternate course of action (*see Maisonet v Roman*, 139 AD3d 121, 123-124 [1st Dept 2016], *appeal dismissed* 27 NY3d 1062 [2016]; *Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60-61 [2d Dept 2004]). The record demonstrates that Hamblin reasonably and prudently responded to the emergency by making sure that the bus's emergency brake was activated and pressing the silent alarm to summon the police (*see Villar v MTA Bus Co.*, 80 AD3d 602 [2d Dept 2011]).

In opposition, plaintiff failed to raise a triable issue of fact. She only presented unsubstantiated assertions and speculation that Hamblin may have breached a duty of care by not making sure that the rear exit door was unlocked and that her injuries might have been avoided if he had acquiesced to the assailant's demand that he be permitted to board the bus without paying the fare (*see Mendez v City of New York*, 110 AD3d 421 [1st Dept 2013]; *Brooks v New York City Tr. Auth.*, 19 AD3d 162, 163 [1st Dept 2005]).

Dismissal of the false imprisonment claim is also warranted, since there is no evidence that Hamblin intended to confine plaintiff (*see Broughton v State of New York*, 37 NY2d 451, 456 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]). Concur—Friedman, J.P., Richter, Andrias, Gische and Moulton, JJ.

---

Motion to strike portions of brief denied.