Polanco v Holkmann (2018 NY Slip Op 03330)





Polanco v Holkmann


2018 NY Slip Op 03330


Decided on May 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2018

Sweeny, J.P., Renwick, Mazzarelli, Gesmer, Singh, JJ.


6495 305993/10

[*1]Joel Polanco, Plaintiff-Appellant,
v
Mandez Holkmann, Defendant-Respondent.


Mitchell Dranow, Sea Cliff, for appellant.
Richard T. Lau & Associates, Jericho (Gene W. Wiggins of counsel), for respondent.



Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about April 6, 2017, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint based on plaintiff's inability to establish that he suffered a serious injury to his lumbar spine within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendant satisfied his prima facie burden of demonstrating that plaintiff did not sustain a serious injury to his lumbar spine as a result of the subject 2009 motor vehicle accident. Defendant submitted plaintiff's medical records, which included reports of MRIs of his lumbar spine, taken after a prior accident in 2000 and the subject accident in 2009, showing the same herniated disc (see Nakamura v Montalvo, 137 AD3d 695, 696 [1st Dept 2016] Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043 [1st Dept 2014], affd 24 NY3d 1191 [2015]). Defendant also submitted the report of an orthopedist, who found that plaintiff had full range of motion and negative test results in his lumbar spine (see Vishevnik v Bouna, 147 AD3d 657, 658 [1st Dept 2017]).
In opposition, plaintiff failed to raise an issue of fact as to whether his claimed lumbar spine injury was causally related to the 2009 accident. Plaintiff submitted, inter alia, the report of a doctor who examined him over five years after the accident, and provided only a conclusory opinion that plaintiff's limitations in range of motion were caused by the subject accident, without sufficiently addressing the preexisting conditions documented in plaintiff's medical records (see Nakamura at 696; McArthur v Act Limo, Inc., 93 AD3d 567, 568 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 8, 2018
CLERK