Santana v Metropolitan Transp. Co. (2019 NY Slip Op 02158)





Santana v Metropolitan Transp. Co.


2019 NY Slip Op 02158


Decided on March 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2019

Friedman, J.P., Renwick, Webber, Kahn, Kern, JJ.


8756 151364/15

[*1]Dulce Santana, Plaintiff-Appellant,
v
Metropolitan Transportation Company, et al., Defendants-Respondents, City of New York, et al., Defendants.


Law Office of Ryan S. Goldstein, P.L.L.C., Bronx (Ryan S. Goldstein of counsel), for appellant.
Lawrence Heisler, Brooklyn (Harriet Wong of counsel), for respondents.



Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered on or about February 21, 2018, which granted defendants-respondents' (collectively MTA) motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The motion court properly invoked the emergency doctrine in finding that no issues of fact exist as to the MTA's negligence given plaintiff's failure in opposition to adduce any evidence tending to show that the nonparty bus driver created the emergency or could have avoided a collision with a vehicle that suddenly moved into the bus's lane of travel by taking some action other than applying his brakes and turning slightly to the right (see Brooks v New York City Tr. Auth., 19 AD3d 162 [1st Dept 2005]). The sudden unexpected swerving of the car into the bus's path required the bus driver to take immediate action, and his reaction of pressing the brake with enough force to prevent a collision with the car and turning the bus slightly to the right was a reasonable response to the emergency, which was not of his own making (see Wu Kai Ming v Grossman, 133 AD3d 742, 743 [2d Dept 2015]).
Plaintiff's claim that a triable issue is raised by the fact that the car tried to enter the bus's lane at least once before the accident occurred is unavailing. The surveillance video shows that the car only drifted slightly towards the right lane and did not enter it until the bus reached the intersection when it suddenly turned right cutting off the bus (see Jones v New York City Tr. Auth., 162 AD3d 476 [1st Dept 2018]; Orsos v Hudson Tr. Corp., 111 AD3d 561 [1st Dept 2013]).
Furthermore, the court providently exercised its discretion in determining that it would consider the emergency doctrine affirmative defense even though it was not pleaded in the MTA's answer. The facts leading up to accident were within plaintiff's knowledge given the bus driver's deposition testimony
that he was "cut off" and the surveillance footage, which was exchanged during discovery (see Mendez v City of New York, 110 AD3d 421, 421-422 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 21, 2019
CLERK