Mendoza v L. Two Go, Inc. (2019 NY Slip Op 02613)





Mendoza v L. Two Go, Inc.


2019 NY Slip Op 02613


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Sweeny, J.P., Manzanet-Daniels, Kern, Oing, Singh, JJ.


8887 304454/14

[*1]Hayden E. Mendoza, Plaintiff-Appellant,
v
L. Two Go, Inc., et al., Defendants-Respondents.


Mitchell Dranow, Sea Cliff, for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn (Robert D. Grace of counsel), for respondents.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about December 4, 2017, which granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to establish that he suffered a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants established prima facie that plaintiff did not suffer a serious injury to his cervical or lumbar spine through the affirmed reports of their radiologist and neurologist, who found that plaintiff's CT scans were normal, plaintiff had full range of motion, and there was no evidence of traumatic injury (see Holloman v American United Transp. Inc., 162 AD3d 423, 423 [1st Dept 2018]; Hernandez v Marcano, 161 AD3d 676, 677 [1st Dept 2018]). Defendants also relied on plaintiff's deposition testimony that he reinjured the same body parts in an accident one year later.
In opposition, plaintiff submitted radiologist's reports finding that plaintiff had bulging and herniated discs in his spine after the subject accident, but did not provide competent medical evidence of the extent and duration of the disc injury sufficient to raise an issue of fact as to whether those conditions constituted a "serious injury" (see DeJesus v Paulino, 61 AD3d 605, 608 [1st Dept 2009]; see also Pommells v Perez, 4 NY3d 566, 574 [2005]; Rivera v Gonzalez, 107 AD3d 500, 500 [1st Dept 2013]). Plaintiff's neurologist found only a minor limitation in one plane of lumbar spine range of motion and no limitations in cervical range, which was insufficient to demonstrate a serious injury involving significant or permanent limitations in use (see Nakumara v Montalvo, 137 AD3d 695, 696 [1st Dept 2016]; Phillips v Tolnep Limo Inc., 99 AD3d 534 [1st Dept 2012]). Further, the neurologist's opinion that plaintiff's current limitation was caused by the subject accident was speculative, as he failed to address the impact of plaintiff's subsequent accident (see Zhijian Yang v Alston, 73 AD3d 562, 563 [1st Dept 2010]).
As for plaintiff's 90/180 day claim, defendants, relying on his admissions in his deposition, met their initial burden, and plaintiff offered no competent medical evidence in support of the claim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK