■ CHRISTOPHER NICHOLAS, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [885 NYS2d 82]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered February 10, 2009, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

On July 3, 2005, plaintiff allegedly fell on an internal stairway in a building owned by defendant New York City Housing Authority (NYCHA). At his deposition he was asked whether the accident occurred because his foot slipped, because he tripped, or whether he fell for any other reason. Plaintiff definitively responded that he slipped. Plaintiff was then asked whether there was something on the step that caused him to slip. He responded, "Yes, it was wet." He could not identify the substance. Subsequently, the following question and answer ensued:

"Q. Was there anything—other than the water, was there anything else about the condition of the step that caused you to fall?

"A. No."

Plaintiff testified that before the accident, he never had any problems with the staircase and had never made any complaints to NYCHA about the steps. He also did not know how long the step had been wet before the accident.

After discovery, NYCHA moved for summary judgment dismissing the action on the grounds that it did not create the unidentified wet substance on the step, nor did it have actual or constructive notice of the condition. Plaintiff opposed and claimed, for the first time, in an affidavit, that the cause of his accident was "a defective/broken stair." He also submitted an affidavit from an engineer who opined, inter alia, that the condition of the concrete nosing of the step from which plaintiff fell constituted a violation of the building code "by reason of being irregularly and grossly pock-marked and missing its steel nosing."

The court denied NYCHA's motion. After concluding that NYCHA made a prima facie showing that it had no notice of a wet condition that allegedly caused plaintiff's fall, the court nevertheless found that plaintiff raised a triable issue of fact as to whether the broken stair contributed to his fall.

We reverse. NYCHA met its prima facie burden of demonstrating that it neither created the condition, nor had actual or constructive notice of the defective condition which caused plaintiff's fall (see e.g. Lewis v Metropolitan Transp. Auth., 99 AD2d 246, 249-250 [1984], affd 64 NY2d 670 [1984]). In opposition, as the motion court found, plaintiff failed to demonstrate otherwise.

Instead, plaintiff, who had unequivocally testified that the sole cause of his fall was the wet condition of the step, sought to add a new theory, i.e., that the defective step caused his fall. It

is evident that his affidavit was tailored to avoid the consequences of his deposition testimony, and constitutes feigned evidence that should be rejected (*see e.g. Vilomar v 490 E. 181st St. Hous. Dev. Fund Corp Corp.*, 50 AD3d 469 [2008]; *Telfeyan v City of New York*, 40 AD3d 372, 373 [2007]).

Thus, in the absence of any bona fide question of fact as to defendant's liability, the complaint should have been dismissed. Concur—Mazzarelli, J.P., Andrias, Nardelli, DeGrasse and Abdus-Salaam, JJ.