■ Asim Cekic et al., Appellants, v Carlos E. Zapata, Respondent. [895 NYS2d 334]—

Defendant met his initial burden by submitting the affirmed report of experts who examined plaintiffs and concluded, based upon objective tests conducted, that neither had suffered a permanent consequential limitation or a significant limitation of his/her lumbar or cervical spine as a result of the subject September 25, 2005 motor vehicle accident.

Although plaintiff Asim Cekic came forward with objective medical evidence of a limitation, such evidence is unavailing due to a failure to distinguish between injuries from the subject accident and those from two prior accidents (*see Pommells v Perez*, 4 NY3d 566, 572 [2005]). Moreover, Asim Cekic's doctor's conclusory statement in January 2009 that his neck and back injuries were related to the subject accident is contradicted by the findings in the doctor's March 12, 2004 report which found a permanent partial disability resulting from a prior accident on August 12, 2003 (*see Depena v Sylla*, 63 AD3d 504 [2009], *lv denied* 13 NY3d 706 [2009]; *Thompson v Abbasi*, 15 AD3d 95, 99 [2005]).

Plaintiff Almera Cekic's doctor presented evidence of a limited range of motion, but no evidence of any treatment after one year. Plaintiff Almera Cekic testified that she had stopped seeing the doctor—giving a myriad of reasons—approximately one year prior to being deposed in this action, i.e., two years prior to her August 2008 re-examination. Such a cessation in treatment, without a consistent explanation, severs the causal connection between her injuries and the accident three years earlier (*Pommells* at 580; *Gonzalez v A.V. Managing, Inc.*, 37 AD3d 175 [2007]). Concur—Andrias, J.P., McGuire, Moskowitz, Freedman and Román, JJ. **[Prior Case History: 23 Misc 3d 1119(A), 2009 NY Slip Op 50838(U).]**