■ ENEZ WILLIAMS, Individually and as Administratrix of the Estate of EPHRIAM WILLIAMS, Deceased, Plaintiff, v BALDOR SPECIALTY FOODS, INC., et al., Defendants. (And Another Action.) HARVEY L. GREENBERG, Respondent, v BALDOR SPECIALTY FOODS, INC., et al., Appellants. (And Another Action.) JENNIFER TURNER, Plaintiff, v MILEA LEASING CORP. et al., Appellants, and EXECUTIVE MOTOR TOURS, INC., Respondent, et al., Defendant. (And Another Action.) [895 NYS2d 394]—

Order, Supreme Court, Bronx County (Geoffrey D. Wright, J.), entered February 3, 2009, which denied the motion by defendants Baldor Specialty Foods and Emil Castillo Grullon for summary judgment dismissing plaintiff Greenberg's complaint, unanimously reversed, on the law, without costs, the motion granted, and the Greenberg complaint dismissed. The Clerk is directed to enter judgment accordingly. Appeal from order, same court (Lucy Billings, J.), entered August 24, 2009, which granted Greenberg's motion for summary judgment on liability against Baldor and Emil Castillo Grullon, and also granted the cross motion by defendant Executive Motor Tours for summary judgment dismissing all claims and cross claims against it in the action by plaintiff Turner, unanimously dismissed, without costs, as academic in light of the foregoing.

By submitting an affirmed report from their medical expert, appellants made a prima facie showing of entitlement to summary judgment with regard to whether Greenberg had suffered any serious physical injury, and Greenberg failed to submit any evidence to contradict the expert's findings (*see generally Pommells v Perez*, 4 NY3d 566 [2005]).

Greenberg's 90/180-day claim should have been dismissed

because appellants submitted Greenberg's bill of particulars and deposition testimony, which provided that Greenberg had been confined to bed and home and missed work for only two months following the accident (*see Knox v Lennihan*, 65 AD3d 615, 616 [2009]). Greenberg's affidavit in opposition to the motion, in which he claimed he was unable to work for four months, was tailored to avoid the consequences of his testimony, and constitutes feigned evidence that should be rejected (*see Nicholas v New York City Hous. Auth.*, 65 AD3d 925 [2009]).

Regarding Greenberg's claim of psychological injury as a result of the subject accident (*see Chapman v Capoccia*, 283 AD2d 798, 799 [2001]), appellants made a prima facie showing of entitlement to summary judgment by submitting their expert's report. While Greenberg did submit his own expert's report, opining that he had suffered post-traumatic stress disorder as a result of the accident, that the condition was likely to be chronic and permanent and had rendered him partially disabled, and that he would need treatment for the rest of his life, he failed to present any contemporaneous objective medical evidence of his injury (*see Mullings v Huntwork*, 26 AD3d 214, 216 [2006]).

Concerning the second order on appeal, in light of our dismissal of his complaint, the issue of liability with respect to Greenberg has been rendered academic. Concur—Friedman, J.P., Sweeny, Nardelli and Freedman, JJ.

Motion seeking a stay of trial denied as academic.