■ NATHANIEL HERNANDEZ et al., Appellants-Respondents, v ADELANGO TRUCKING et al., Respondents, and ROYAL COACH LINES, INC., et al., Respondents-Appellants. [931 NYS2d 317]—

Defendants established, prima facie, that the infant plaintiff did not sustain a serious injury as a result of the 2006 vehicular accident, through the submission of affirmed reports of medical experts, who, upon examination, found that plaintiff had normal ranges of ankle motion and had recovered from an ankle sprain without any disability (*see Canelo v Genolg Tr., Inc.*, 82 AD3d 584 [2011]). Moreover, other submissions, including the bill of particulars and plaintiff's deposition, which stated that he missed less than six days of school, sufficiently refuted his 90/180-day claim (*see Williams v Baldor Specialty Foods, Inc.*, 70 AD3d 522 [2010]; *see also Torres v Dwyer*, 84 AD3d 626, 626-627 [2011]). In opposition, plaintiffs failed to raise a triable issue of fact.

Dismissal of the complaint as against defendants Adelango Trucking and Jose F. Veloso is warranted because, " 'if plaintiff[s] cannot meet the threshold for serious injury against one [set of] defendant[s], [they] cannot meet it against the other' " (*DeJesus v Paulino*, 61 AD3d 605, 608 [2009], quoting *Lopez v Simpson*, 39 AD3d 420, 421 [2007]).

In light of the foregoing, the issue of liability is rendered academic with respect to all defendants (*see Williams*, 70 AD3d at 523). Concur—Gonzalez, P.J., Tom, Sweeny, Renwick and Román, JJ.