The decision and order of this Court entered herein on October 13, 2011 (88 AD3d 518 [2011]) is hereby recalled and vacated (*see* 2011 NY Slip Op 94179[U] [2011] [decided simultaneously herewith]).

■ JANG HWAN AN et al., Appellants, v CARLOS A. PARRA et al., Respondents. [936 NYS2d 18]—

Defendants failed to demonstrate their entitlement to judgment as a matter of law on plaintiffs' claim to recover for serious injury under Insurance Law § 5102. In opposition to defendant's motion, plaintiffs submitted, among other things, the affidavits of their treating chiropractor, who averred that both plaintiffs had specified decreased ranges of motion in their cervical and lumbar spines, plaintiff Jang Hwan's right knee and plaintiff Jung Sook's right shoulder. The chiropractor averred that plaintiffs' injuries were sustained as result of the subject accident, and not the result of degenerative disease.

Jang Hwan submitted an affirmed report of the MRI results of his right knee, finding that he suffered multiple meniscal tears, joint effusion and a bone cyst or avascular neurosis. Jung Sook submitted an affirmed MRI report of her right shoulder, showing tears of the supraspinatus and subcapularis tendons. Such medical evidence, which contradicts defendants' medical evidence of a degenerative disease, raises an issue of fact as to the existence and causation of plaintiffs' injuries (*see Suazo v Brown*, 88 AD3d 602 [2011]; *Chakrani v Beck Cab Corp.*, 82 AD3d 436 [2011]).

Plaintiffs, however, have failed to raise an issue of fact concerning their ability to perform substantially all of their daily activities for at least 90 of the first 180 days following the accident, inasmuch as both plaintiffs testified that they were able to return to work within 90 days following the accident (*see Prestol v McKissock*, 50 AD3d 600 [2008]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Acosta and Abdus-Salaam, JJ.