■ EVERETT MCARTHUR, Respondent, et al., Plaintiff, v ACT LIMO, INC., et al., Appellants. [940 NYS2d 616]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered August 29, 2011, which, insofar as appealed from, denied defendants' motion for summary judgment dismissing the claims asserted by plaintiff Everett McArthur, unanimously modified, on the law, to the extent of granting the motion as to plaintiff McArthur's claims for injuries to his cervical and lumbar spine, 90/180-day injury, and permanent loss of use claim, and otherwise affirmed, without costs.

Plaintiff McArthur, who was involved in four accidents prior to the accident that is the subject of this litigation, asserts that he sustained a serious injury pursuant to Insurance Law § 5102 (d). He claims that as a result of this most recent accident, he suffered injuries to, inter alia, his cervical and lumbar spine, right shoulder, neck and right hip. MRIs taken before this accident showed cervical and lumbar herniations and bulges for which plaintiff was treated.

Defendants met their initial burden with respect to plaintiff's claims of injury to his neck, back and shoulder by submitting affirmed reports of a radiologist and orthopedist, which asserted that plaintiff's neck and back injuries preexisted the accident and were degenerative in nature. The reports further asserted that any injury to plaintiff's shoulder had resolved (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350-352 [2002]; Grant v United Pavers Co., Inc., 91 AD3d 499 [2012]).

In opposition, plaintiff failed to raise an issue of fact as to his claimed cervical and lumbar spine injuries, since his doctors ignored the effect of his prior accidents, and did not present any evidence that those claimed injuries were different from the injuries that predated the subject accident (see Mitrotti v Elia, 91 AD3d 449 [2012]; compare Fuentes v Sanchez, 91 AD3d 418 [2012]). However, plaintiff raised an issue of fact as to his right shoulder injury by relying on the sworn reports of the orthopedic surgeon who performed arthroscopic surgery to repair a tear. The reports explained how the injury was caused by the accident and quantified continuing limitations in the right shoulder, some two years after the surgery (see Perl v Meher, 18 NY3d 208, 219 [2011]; Jang Hwan An v Parra, 90 AD3d 574 [2011]).

Plaintiff does not dispute that he did not meet the requirements for establishing a 90/180-day claim and that he has not suffered a permanent loss of use of any body organ or function. Concur—Tom, J.P., Friedman, Acosta, DeGrasse and Román, JJ.