■ EUSTACE MERRICK et al., Appellants, v JOSE LOPEZ-GARCIA et al., Respondents. [954 NYS2d 25]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered March 5, 2012, which granted defendants' motion for summary judgment dismissing the complaint alleging serious injury under Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants made out a prima facie showing that plaintiff did not suffer serious injury of a permanent nature. In opposition, plaintiff raised an issue of fact as to significant limitations in his cervical, thoracic and lumbar spine by submitting MRI reports, an EMG/NCV report, and Dr. Barry Sloan's affirmed report of recent findings of limitations (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]). However, he failed to address the gap in treatment between April 2008, when he was last treated, and December 2011, when Dr. Sloan evaluated him for purposes of opposing defendants' motion. This "gap" is es-

sentially a cessation of treatment (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]). Plaintiff claimed that he stopped treatment because he could not afford it after his no-fault benefits ended, but he also testified that he had private health insurance. He never explained why he was unable to continue with treatment through his insurance, and testified only that the particular physical therapist he had been treating with did not accept his plan (*see Ramkumar v Grand Style Transp. Enters. Inc.*, 94 AD3d 484 [1st Dept 2012]). Dr. Sloan was not plaintiff's treating physician, and his evaluation of plaintiff took place more than 3¹/₂ years after plaintiff was last treated. Because plaintiff did not adequately explain the gap in treatment, Dr. Sloan's opinion as to permanency, significance, and causation is speculative and seemingly tailored to meet the statutory definition of serious injury (*see Arjona v Calcano*, 7 AD3d 279, 280 [1st Dept 2004]).

Defendants established prima facie that plaintiff did not sustain a 90/180-day-category claim, by submitting plaintiff's bill of particulars alleging that he was not confined to bed or home at all and his deposition testimony that he was confined to home for only two months (*see Mitrotti v Elia*, 91 AD3d 449, 450 [1st Dept 2012]). Although he submitted a note from his employer stating that he did not work for four months after the accident, plaintiff testified that the company was operating in Florida during the requisite period and went bankrupt five months after his accident. His treating physician's report, dated about three months after the accident, noting that plaintiff would be able to go to Florida for work upon further improvement is not determinative of a 90/180-day injury, especially given that plaintiff testified only that he was unable to perform house chores or lift "things" after the accident, which is insufficient to show that he was unable to perform "substantially all" of his "usual and customary daily activities" during the requisite period (*see Uddin v Cooper*, 32 AD3d 270, 271 [1st Dept 2006], *lv denied* 8 NY3d 808 [2007]). Concur—Gonzalez, P.J., Saxe, Catterson, Acosta and Gische, JJ.