Defendant established his entitlement to judgment as a matter of law as to plaintiffs claims of “significant limitation” and “consequential limitation” of use of his anterior cruciate ligament (ACL) of his left knee. Although defendant’s orthopedist found a loss of range of motion in plaintiffs left knee in 2009, defendant’s radiologist found no evidence of an ACL tear on the MRI taken of the left knee after the subject accident (see Linton *506 v Nawaz, 62 AD3d 434, 439 [1st Dept 2009], affd on other grounds 14 NY3d 821 [2010]).
Plaintiff’s opposition failed to raise a triable issue of fact. Even assuming that plaintiff came forward with proof that this particular body part had not been injured during his two prior surgeries (see McArthur v Act Limo, Inc., 93 AD3d 567 [1st Dept 2012]), and assuming, further, that he raised an issue of fact as to whether this ligament was actually torn, via the affirmation of his radiologist, plaintiff failed to come forward with proof of “significant” or “important” limitations caused by the accident. Indeed, the examination performed by plaintiffs physician in 2011 measured only minor limitations in range of motion (see Canelo v Genolg Tr, Inc., 82 AD3d 584, 585 [1st Dept 2011]).
Defendant met his burden as to the 90/180-day claim by relying on plaintiffs deposition testimony, where he stated that he was confined to home for only two weeks, and did not work because there was “no work” (see Arenas v Guarnan, 98 AD3d 461 [1st Dept 2012]; Williams v Baldor Specialty Foods, Inc., 70 AD3d 522 [1st Dept 2010]). Concur — Tom, J.P., Sweeny, Moskowitz, Renwick and Clark, JJ.