Plaintiff alleged that, as the result of a rear-end car accident, he sustained injuries to his cervical and lumbar spine and left knee. He acknowledged having suffered prior back injuries in one or more of three prior motor vehicle accidents and a workplace accident, and that he had left knee surgery following one of the prior accidents.
Defendant met his prima facie burden by submitting the affirmed reports of an orthopedist who found that plaintiff had full range of motion in all affected parts, and of a radiologist who found degeneration in all claimed injured body parts (see Spencer v Golden Eagle, Inc., 82 AD3d 589 [1st Dept 2011]), as well as the evidence of prior accidents which resulted in injuries to his back and knees (see Brewster v FTM Servo, Corp., 44 AD3d 351, 352 [1st Dept 2007]).
In opposition, plaintiff failed to raise an issue of fact. His treating physician measured normal range of motion in his cervical spine, with only minor limitations in one plane, at several examinations months after the accident (see Phillips v Tolnep Limo Inc., 99 AD3d 534 [1st Dept 2012]; Canelo v Genolg Tr., Inc., 82 AD3d 584 [1st Dept 2011]), and offered no explanation for the decline of plaintiffs cervical spine range of motion at his most recent examination (see Thomas v City of New York, 99 AD3d 580 [1st Dept 2012]). This failure to explain the inconsistencies between her earlier finding of near full range of motion and her present findings of deficits entitles defendant to summary judgment (see id.; Jno-Baptiste v Buckley, 82 AD3d 578, 578-579 [1st Dept 2011]).
As for the claimed left knee injury, plaintiffs physician found normal range of motion in the months following the accident and did not explain subsequent declines. Moreover, her opinion *579 as to causation was inadequate in light of plaintiffs prior history of left knee surgery and defendant’s expert’s opinion that any tear was degenerative in origin (see Pines v Lopez, 88 AD3d 545 [1st Dept 2011]). Plaintiffs physician also failed to explain earlier improvements in lumbar range of motion, or to raise an issue of fact as to causation of that injury, since her opinion that plaintiffs lumbar injuries were caused by the accident was based on plaintiffs subjective statement that “he had recovered” from his three prior accidents, without reference to prior medical records or other medical evidence (see McArthur v Act Limo, Inc., 93 AD3d 567 [1st Dept 2012]; Style v Joseph, 32 AD3d 212, 214 [1st Dept 2006]). Plaintiff did not plead a claim for exacerbation of prior injuries and, in any event, his physician did not provide any basis for determining the extent of any exacerbation of plaintiffs prior injuries (see Suarez v Abe, 4 AD3d 288 [1st Dept 2004]).
Given the lack of serious injury, the issue of liability is academic (see Hernandez v Adelango Trucking, 89 AD3d 407, 408 [1st Dept 2011]). Concur — Tom, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Clark, JJ.