■ EFOSA IDEMUDIA, Appellant, v SUSAN FIELDS, Respondent. [963 NYS2d 245]—

Order, Supreme Court, New York County (George J. Silver, J.), entered July 2, 2012, which, insofar as appealed from, in this action for personal injuries sustained in a motor vehicle accident, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The affirmed reports of defendant's expert established prima facie that plaintiff's injuries were not permanent or significant. Defendant's orthopedist found that plaintiff had full range of motion in his lumbar spine and right wrist. The orthopedist further found that, even if plaintiff tore a ligament in his wrist as a result of the accident, it had healed completely, and there was no objective clinical evidence of this injury.

In opposition, plaintiff's expert, who averred that she personally examined plaintiff approximately two years after the accident, found range of motion limitations in plaintiff's lumbar spine and right wrist, but offered no explanation for earlier examinations by her colleagues that found normal range of motion. The failure to explain the inconsistencies between the earlier findings of full range of motion and her present findings of deficits entitles defendant to summary judgment (*see Dorrian v Cantalicio*, 101 AD3d 578 [1st Dept 2012]; *Jno-Baptiste v Buckley*, 82 AD3d 578 [1st Dept 2011]).

The record further demonstrates that there is no viable claim under the 90/180-day category of Insurance Law § 5102 (d), inasmuch as plaintiff testified that he missed only two days of work following the accident (*see Arenas v Guaman*, 98 AD3d 461 [1st Dept 2012]). Concur—Andrias, J.P., Acosta, Freedman, Richter and Gische, JJ.