■ CHRISTINA COLON et al., Appellants, v CHRISTINA TORRES, Respondent, et al., Defendant. [965 NYS2d 90]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered June 29, 2012, which, upon the parties' motions for summary judgment, dismissed the complaint in its entirety based upon the failure to establish a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

The motion court properly considered defendant Torres' supplemental submission of medical reports relative to plaintiff Christina Colon, since Torres' counsel demonstrated that the failure to annex such medical affirmations was the result of a clerical error. Moreover, the affirmations had been provided to plaintiffs, who were not prejudiced by their delayed submission to the court (*see Tierney v Girardi*, 86 AD3d 447, 448 [1st Dept 2011]; *compare Ostrov v Rozbruch*, 91 AD3d 147 [1st Dept 2012]).

The record establishes that neither plaintiff suffered a "permanent consequential" or "significant limitation of use" of their cervical and lumbar spine (Insurance Law § 5102 [d]). The submitted expert medical reports showed normal ranges of motion in the claimed injured body parts, and noted that plaintiffs had not sought any medical treatment after receiving three months of chiropractic treatment following the accident. Any discrepancies in the experts' stated normal values for certain ranges of motion were not so significant as to defeat summary judgment, since the experts found "a full range of motion . . . in every plane" (*Gibbs v Reid*, 94 AD3d 636, 636 [1st Dept 2012]). In the absence of any other evidence of serious injury, the experts were not required to discuss diagnostic tests indicat-

ing bulging or herniated discs (see *Onishi v N & B Taxi, Inc.*, 51 AD3d 594, 595 [1st Dept 2008]).

Plaintiffs' opposition failed to raise a triable issue of fact. Although their treating chiropractor found recent range-of-motion deficits, he failed to reconcile these findings of deficits with earlier full range-of-motion findings made by a physician to whom he had referred both plaintiffs shortly after the accident (see *Dorrian v Cantalicio*, 101 AD3d 578 [1st Dept 2012]; *Jno-Baptiste v Buckley*, 82 AD3d 578 [1st Dept 2011]). Moreover, plaintiffs did not provide an explanation for their gap in treatment of over three years (see generally *Pommells v Perez*, 4 NY3d 566, 574 [2005]; see *Merrick v Lopez-Garcia*, 100 AD3d 456 [1st Dept 2012]).

The record further shows that there is no viable 90/180-day claim since plaintiffs' bill of particulars and deposition testimony demonstrate that they were confined to bed for, at most, two weeks following the accident, and at home for one month (see *Williams v Baldor Specialty Foods, Inc.*, 70 AD3d 522 [1st Dept 2010]). Concur—Gonzalez, P.J., Tom, Sweeny, Renwick and Richter, JJ.