■ SHERRY C. NICHOLAS, Appellant, v CABLEVISION SYSTEMS CORP. et al., Respondents. [984 NYS2d 332]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered April 2, 2013, which granted defendants' motion for summary judgment dismissing the complaint on the serious injury threshold, and denied as moot plaintiff's cross motion for summary judgment as to liability, unanimously affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not suffer a serious injury to her neck, back, or left knee as a result of the motor vehicle accident. They submitted the affirmed reports of an orthopedist who found normal ranges of motion in all body parts, and a neurologist who, while finding limitations in the lumbar spine, opined that MRI films of the spine showed nonspecific degenerative conditions unrelated to the accident (see Insurance Law § 5102 [d]; Robinson v Joseph, 99 AD3d 568 [1st Dept 2012]).

In opposition, plaintiff submitted her examining physician's

report finding recent range-of-motion deficits. However, the physician failed to explain the inconsistencies between his earlier findings of almost full range of motion in her cervical and lumbar spine and his present findings of deficits (*see Santos v Perez*, 107 AD3d 572, 574 [1st Dept 2013]; *Colon v Torres*, 106 AD3d 458 [1st Dept 2013]). Nor did plaintiff's physicians address either the degeneration that defendants' neurologist found in the MRIs taken of the cervical and lumbar spine or the preexisting conditions of morbid obesity and scoliosis (*see Malupa v Oppong*, 106 AD3d 538 [1st Dept 2013]; *Rosa v Mejia*, 95 AD3d 402, 404-405 [1st Dept 2012]). The MRI of plaintiff's left knee was insufficient to provide objective medical evidence of any injury, and no other objective proof of a serious injury to the knee was submitted.

Moreover, plaintiff failed to offer a reasonable explanation for ceasing treatment, despite her physicians' recommendations of further treatment, which renders her expert's conclusions as to permanency and causation speculative for all body parts (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Merrick v Lopez-Garcia*, 100 AD3d 456 [1st Dept 2012]).

Defendants established prima facie that plaintiff did not sustain a serious injury of the 90/180-day category, since her own evidence showed that her claimed injuries were no bar to the performance of her usual pre-accident activities, and there is no evidence that her absence from work was medically determined as a result of the accident and not related to the bunion surgeries she had undergone shortly before and after the accident. That plaintiff missed more than 90 days of work is not determinative of a 90/180-day injury (*see Uddin v Cooper*, 32 AD3d 270 [1st Dept 2006], *lv denied* 8 NY3d 808 [2007]).

Given the absence of serious injury, the issue of liability is academic (*see Hernandez v Adelango Trucking*, 89 AD3d 407 [1st Dept 2011]). Concur—Friedman, J.P., Sweeny, Andrias, Gische and Clark, JJ.