■ TAYQUINE GREEN, Appellant, v DOMINO's PIZZA, LLC, et al., Respondents. [33 NYS3d 260]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about January 29, 2015, which granted defendants' motions for summary judgment dismissing the complaint on the threshold issue of serious injury under Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not sustain a permanent consequential or significant limitation of use of his right knee, left shoulder, or left ankle by submitting the report of their orthopedic expert, who found no significant limitations and negative clinical results, and opined that plaintiff had a resolved shoulder strain, a resolved ankle sprain, and that any injury to his right knee had resolved (*see Rivera v Fernandez & Ulloa Auto Group,* 123 AD3d 509, 509 [1st Dept 2014], *affd* 25 NY3d 1222 [2015]). In addition, defendant submitted a radiologist's report finding that the MRI of plaintiff's right knee was normal and showed no evidence of traumatic or acute injury causally related to the accident (*see Perdomo v City of New York,* 129 AD3d 585, 585 [1st Dept 2015]; *Kang v Almanzar,* 116 AD3d 540 [1st Dept 2014]).

In opposition, plaintiff failed to raise an issue of fact as to whether he suffered any serious injury to his left shoulder or left ankle, since his orthopedic surgeon's affirmation concerning a recent examination did not address those injuries (*see Kang* at 541), and his uncertified and unaffirmed medical records were inadmissible (*see Malupa v Oppong,* 106 AD3d 538, 539 [1st Dept 2013]; *Luetto v Abreu,* 105 AD3d 558, 558-559 [1st Dept 2013]).

As for the right knee, the affirmation of plaintiff's orthopedic surgeon stated only that he had performed arthroscopic surgery two years earlier, but provided no opinion as to causation and no findings of permanent or significant limitation of use. His unaffirmed reports, if considered, show that tears in the meniscus were found during surgery, but do not provide any opinion as to causal relationship or any findings of quantitative or qualitative limitation of use. A "tear of the meniscus,

standing alone, without any evidence of limitations caused by the tear, is not sufficient to raise a triable issue of fact" (*Mulligan v City of New York*, 120 AD3d 1155, 1156 [1st Dept 2014]; *see Acosta v Zulu Servs., Inc.*, 129 AD3d 640, 640 [1st Dept 2015]). Further, plaintiff failed to explain his cessation of treatment about nine months after the accident, until the examination by his surgeon two years later, since he acknowledged that Medicaid would have covered additional physical therapy after his no-fault benefits ended (*see Windham v New York City Tr. Auth.*, 115 AD3d 597, 599 [1st Dept 2014]; *Merrick v Lopez-Garcia*, 100 AD3d 456 [1st Dept 2012]). Nor did plaintiff offer any medical evidence to explain why the hospital records he submitted show that he had full range of motion and no swelling in the right knee when examined after the accident (*see Thomas v City of New York*, 99 AD3d 580, 581 [1st Dept 2012], *lv denied* 22 NY3d 857 [2013]; *see also Acosta v Vidal*, 119 AD3d 408 [1st Dept 2014]).

Plaintiff's testimony that he did not miss any days of work and walked one-half mile each way to physical therapy, after the accident, defeats his 90/180-day claim (*see Streeter v Stanley*, 128 AD3d 477, 478 [1st Dept 2015]; *Frias v Son Tien Liu*, 107 AD3d 589, 590 [1st Dept 2013]). Concur—Mazzarelli, J.P., Andrias, Saxe, Gische and Kahn, JJ.