■ Ariel Cabrera, Jr., Appellant, v Apple Provisions, Inc., et al., Respondents. [57 NYS3d 471]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered July 7, 2016, which granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to establish a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants established entitlement to judgment as a matter of law in this action where plaintiff alleges that he suffered serious injuries to his spine and left knee as a result of a motor vehicle accident that occurred in January 2013. Defendants submitted an expert report of an orthopedist, who found full range of motion in those body parts and opined that the alleged injuries had resolved (see Clementson v Price, 107 AD3d 533 [1st Dept 2013]). The expert also opined that plaintiff's MRI reports of the spine were unremarkable and that the MRI report of the knee showed injuries that were not causally related to the accident.

In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff submitted no evidence of any medical examination after March 2013, and therefore did not demonstrate any permanent consequential limitation of use of any body part (see Kang v Almanzar, 116 AD3d 540 [1st Dept 2014]; see also Vega v MTA Bus Co., 96 AD3d 506, 507 [1st Dept 2012]).

As to the cervical spine claim, plaintiff's treating physician found normal range of motion in February 2013, but some limitations a month later. The physician's failure to explain the inconsistencies between her findings of deficits before and after the findings of full range of motion, renders her opinion speculative (see Santos v Perez, 107 AD3d 572, 574 [1st Dept 2013]; Colon v Torres, 106 AD3d 458 [1st Dept 2013]). As to the lumbar spine, plaintiff's treatment records showed that he had normal or near-normal lumbar spine range of motion within two months after the accident, which is insufficient to support a serious injury claim (see Gaddy v Eyler, 79 NY2d 955, 957 [1992]; Eisenberg v Guzman, 101 AD3d 505, 506 [1st Dept 2012]).

Regarding the left knee, plaintiff presented medical evidence of a lateral meniscal tear, which his physician stated was causally related to the subject accident. However, his physician

failed to make any measurements of his knee, relying on unaffirmed records of his surgeon, which was impermissible (see *Malupa v Oppong*, 106 AD3d 538, 539 [1st Dept 2013]). In any event, the last measurement found in the surgeon's records showed only a five-degree deficit in range of motion, which, again, was too minor in extent, degree and duration to support a serious left knee injury claim involving significant limitation of use (see *Gaddy v Eyler*, 79 NY2d at 957; *Vasquez v Almanzar*, 107 AD3d 538, 539-540 [1st Dept 2013]).

As for the 90/180-day claim, defendants met their prima facie burden of refuting plaintiff's allegations in his bill of particulars that he was confined to bed for two months and home for six months after the accident, by submitting his deposition testimony that he stayed home for just two days after the accident and returned to work by May 2013. They also submitted the opinion of their expert, who opined that plaintiff's medical records did not demonstrate a knee injury caused by the accident or a spinal injury that would result in deficits. In opposition, plaintiff submitted no evidence to demonstrate he sustained a "medically determined" injury (Insurance Law § 5102 [d]). Instead, his medical records show he was able to work shortly after the accident and that his left knee injury resolved within about two months after the accident (see *Figueroa v Ortiz*, 125 AD3d 491, 492 [1st Dept 2015]). Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.