Vila v Foxglove Taxi Corp. (2018 NY Slip Op 01415)





Vila v Foxglove Taxi Corp.


2018 NY Slip Op 01415


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Sweeny, J.P., Renwick, Tom, Mazzarelli, Oing, JJ.


5884 159071/12

[*1]Victor Vila, Plaintiff-Appellant,
v
Foxglove Taxi Corp., et al., Defendants-Respondents.


Sim & Record, LLP, Bayside (Sang J. Sim of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn (Marjorie E. Bornes of counsel), for respondents.



Order, Supreme Court, New York County (Leticia M. Ramirez, J.), entered on or about September 14, 2016, which granted defendant Foxglove Taxi Corp.'s, motion for summary judgment dismissing the complaint based on plaintiff's inability to meet the serious injury threshold of Insurance Law § 5102(d), unanimously affirmed, without costs.
Plaintiff alleges that he sustained various injuries, including to his lumbar spine and shoulder, when he was struck by defendant's taxi while riding his bike. Defendant met its prima facie burden through expert medical affidavits finding full range of motion and normal test results, and a radiologist's opinion that plaintiff's MRIs were either normal or showed degenerative changes consistent with his age. Defendant also noted that plaintiff's claim of serious injury was belied by his cessation of treatment for about four years, which he was required to explain (see generally Pommells v Perez, 4 NY3d 566 [2005]).
In opposition, plaintiff submitted an affidavit that contradicted his testimony concerning the reason for his cessation of medical treatment. At his deposition, plaintiff testified that he terminated treatment after about six months because he didn't "like doctors," and, at the time of the accident, he had private insurance through his employment, and was covered by Medicaid thereafter. In his affidavit, however, plaintiff averred that he ceased treatment after three months because no-fault benefits were discontinued, and he could no longer afford to pay on his own. He further stated that an unnamed physician informed him that any further treatments would only be "palliative in nature." A party's affidavit that contradicts his prior sworn testimony "creates only a feigned issue of fact, and is insufficient to defeat a properly supported motion for summary judgment" (Harty v Lenci, 294 AD2d 296, 298 [1st Dept 2002]; see Cruz v Martinez, 106 AD3d 482, 483 [1st Dept 2013]). Moreover, plaintiff's excuse of inability to pay due to lack of no-fault insurance "makes no sense" in this case, since he testified that he had other insurance (see Cruz v Martinez, at 483; Merrick v Lopez-Garcia, 100 AD3d 456, 457 [1st Dept 2012]). The unexplained four-year period of time in which plaintiff failed to seek treatment for any accident-related injuries, also renders the opinion of his medical expert, who provided a report in opposition to the motion, speculative as to the permanency, significance, and causation of the claimed injuries (see Merrick, 100 AD3d at 457; Cekic v Zapata, 69 AD3d 464 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK