Latus v Ishtarq (2018 NY Slip Op 01417)





Latus v Ishtarq


2018 NY Slip Op 01417


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Sweeny, J.P., Renwick, Tom, Mazzarelli, Oing, JJ.


5886 157638/13

[*1]James Latus, Plaintiff-Appellant,
v
Muhammad Ishtarq, et al., Defendants-Respondents.


Bailly and McMillan, LLP, White Plains (John J. Bailly of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn (Robert D. Grace of counsel), for respondents.



Order, Supreme Court, New York County (Leticia M. Ramirez, J.), entered on or about October 5, 2016, which granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to meet the serious injury threshold of Insurance Law § 5102(d), and denied plaintiff's cross motion for partial summary judgment on the serious injury threshold as untimely, unanimously affirmed, without costs.
Plaintiff alleges that he suffered serious injuries in the area of his left hip, namely tears of his left gluteus medius muscle and anterosuperior acetabular labrum, after being struck by defendants' taxi cab while he was crossing the street.
Defendants met their initial burden by submitting both the affirmed report of an orthopedic surgeon and plaintiff's own hospital and medical records, and deposition testimony. Defendant's orthopedist found full range of motion and normal tests, and opined that plaintiff's injuries had resolved (see Frias v Son Tien Liu, 107 AD3d 589 [1st Dept 2013]). Defendants' expert was not required to review plaintiff's medical records before forming her opinion (see Mena v White City Car & Limo Inc., 117 AD3d 441, 441 [1st Dept 2014]). Plaintiff's medical records demonstrated prima facie that plaintiff ceased treatment five months after the accident, after his doctor found that he had full range of motion and that his diagnosed conditions had resolved, and that plaintiff had preexisting conditions that may have contributed to his conditions, including corrected spina bifida and osteoarthritis. Defendants thus shifted the burden to plaintiff to explain his cessation of treatment and to address why his preexisting conditions were not the cause of his current reported symptoms (see Pommells v Perez, 4 NY3d 566, 574-575 [2005]; Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043 [1st Dept 2014], affd 24 NY3d 1191 [2015]).
In opposition, plaintiff submitted his own affidavit and the affirmation of his orthopedist. The scrivener's error concerning the date of the accident was minor and did not warrant rejecting plaintiff's submissions entirely. Nevertheless, when reviewed on the merits, plaintiff's evidence was insufficient to raise an issue of fact. Plaintiff's physician provided only a conclusory opinion that plaintiff's injuries were caused by the accident, without addressing the preexisting conditions documented in his own MRI, or explaining why plaintiff's current reported symptoms were not related to the preexisting conditions (see Nakamura v Montalvo, 137 AD3d 695, 696 [1st Dept 2016]; Farmer v Ventkate Inc., 117 AD3d 562, 562 [1st Dept 2014]). Further, plaintiff's claim that he ceased treatment after no-fault benefits were discontinued is unpersuasive since he acknowledged that he had private insurance through his union (see Green v Domino's Pizza, LLC, 140 AD3d 546, 547 [1st Dept 2016]; Merrick v Lopez-Garcia, 100 AD3d 456, 457 [1st Dept 2012]). Further, his prompt return to work as a stage manager, and cessation of treatment five months after the accident, were consistent with his own doctor's conclusion that his "hip strain" had resolved, and demonstrate that the injuries were minor in nature (see Frias, 107 AD3d at 590).
Plaintiff's allegation in his bill of particulars that he was confined to bed for one week and to home for two weeks, and his testimony that he was confined to bed and home for one week before returning to work, defeat his 90-180 day claim (see Brownie v Redman, 145 AD3d 636, 637 [1st Dept 2016]; Frias, 107 AD3d at 590).
Plaintiff's cross motion was not untimely (see Kershaw v Hospital for Special Surgery, 114 AD3d 75, 86-87 [1st Dept 2013]). Nevertheless, it fails on the merits for the reasons stated above.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK