M.P. v New York Tr. Auth. (2018 NY Slip Op 01575)





M.P. v New York Tr. Auth.


2018 NY Slip Op 01575


Decided on March 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2018

Friedman, J.P., Andrias, Singh, Moulton, JJ.


5964 350073/11

[*1]M.P., an Infant by her Mother and Natural Guardian, Elizabeth C., et al., Plaintiffs-Appellants,
v
The New York Transit Authority, et al., Defendants-Respondents, Derek Dunston, et al., Defendants.


Mitchell Dranow, Sea Cliff, for appellants.
Lawrence Heisler, Brooklyn, (Harriet Wong of counsel), for the New York Transit Authority, Metropolitan Transportation Authority, the MTA Bus Company and Ruben Sims, respondents.
Russo & Tambasco, Melville (Yamile R. Al-Sullami of counsel), for William Cotto, respondent.



Order, Supreme Court, Bronx County (Barry Salman, J.), entered November 16, 2016, which granted defendants' motions for summary judgment dismissing the complaint based on infant plaintiff's inability to meet the serious injury threshold of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants established entitlement to judgment as a matter of law by submitting evidence showing that infant plaintiff did not sustain a serious injury to her lumbar spine. Defendants offered the affirmations of an orthopedic surgeon and neurologists, who found normal ranges of motion and normal test results. Furthermore, their radiologist found that a CT scan showed only bulges of no significance and degenerative in nature.
In opposition, infant plaintiff offered objective evidence of injury and her initial treating physician opined that the injury was causally related to the accident, particularly given the absence of prior symptoms (see Yuen v Arka Memory Cab Corp., 80 AD3d 481 [1st Dept 2011]). However, upon recent examination, infant plaintiff was found only to have a minor limitation in one plane of range of motion, which was insufficient to raise a triable of fact as to whether she sustained a serious injury under Insurance Law § 5102(d) (see Gaddy v Eyler, 79 NY2d 955 [1992]; Moore v Almanzar, 103 AD3d 415 [1st Dept 2013]; Eisenberg v Guzman, 101 AD3d 505 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 13, 2018
CLERK