Alston v Elliott (2018 NY Slip Op 02019)





Alston v Elliott


2018 NY Slip Op 02019


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Singh, JJ.


6078 306175/12

[*1]Alysha Alston, et al., Plaintiffs-Appellants,
v
Allen Elliott, Defendant-Respondent.


Mitchell Dranow, Sea Cliff, for appellants.
The Lubowitz Law Firm, Scarsdale (Susan I. Lubowitz of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about December 15, 2016, which granted defendant's motion for summary judgment dismissing the complaint based on plaintiffs' inability to establish a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendant met his prima facie burden by submitting the report of a physician who opined that plaintiff Alston's cervical spine sprain and plaintiff Brown's lumbar spine sprain had fully resolved (see Cruz v Martinez, 106 AD3d 482, 483 [1st Dept 2013]). The physician opined that, while Alston exhibited limitations in range of motion, the limitations were subjective and unsupported by any objective evidence of injury (see Swift v New York Tr. Auth., 115 AD3d 507 [1st Dept 2014]). Moreover, defendant argued that both plaintiffs' claims of serious injury were belied by their having ceased all treatment about seven years earlier, within three months of the accident, which they were required to explain (see Pommells v Perez, 4 NY3d 566, 572, 574 [2005]).
In opposition, plaintiffs submitted affidavits that contradicted their sworn deposition testimony concerning the reasons for their cessation of medical treatment. Plaintiff Alston testified that she terminated treatment after about three months because therapy wasn't "helping" her. Plaintiff Brown testified that he terminated treatment because it made him feel worse afterwards. However, in opposition to defendant's motion, in near identical affidavits, both plaintiffs asserted that they ceased treatment because no-fault benefits were discontinued, and they could no longer afford to pay "out of pocket." A party's affidavit that contradicts his prior sworn testimony "creates only a feigned issue of fact, and is insufficient to defeat a properly supported motion for summary judgment" (Harty v Lenci, 294 AD2d 296, 298 [1st Dept 2002]; see Cruz v Martinez, 106 AD3d at 483).
The unexplained seven-year period gap in treatment also renders the opinion of plaintiff Alston's medical expert speculative as to the permanency, significance, and causation of the claimed injuries (see Cekic v Zapata, 69 AD3d 464 [1st Dept 2010]). Plaintiff Brown did not offer any recent evidence of limitations, and therefore could not demonstrate that he sustained an injury involving "permanent consequential" limitation in use of a body part (see Cabrera v Apple Provisions, Inc., 151 AD3d 594, 595 [1st Dept 2017]). Moreover, the evidence that both plaintiffs returned to work shortly after the accident and ceased treatment within three months, demonstrates that their injuries were minor in nature, involving neither "significant" nor "permanent consequential" limitations in use of their spines (see Frias v Son Tien Liu, 107 AD3d [*2]589 [1st Dept 2013]; Haniff v Khan, 101 AD3d 643, 644 [1st Dept 2012]).
We have addressed plaintiffs' other contentions and find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK