Alverio v Martinez (2018 NY Slip Op 02417)





Alverio v Martinez


2018 NY Slip Op 02417


Decided on April 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2018

Richter, J.P., Manzanet-Daniels, Andrias, Kapnick, Webber, JJ.


6204 303421/12

[*1]John Alverio, Plaintiff-Appellant,
v
Nelson Bravo Martinez, et al., Defendants-Respondents.


Lawrence M. Savedoff, PLLC, Bronx (Laurence M. Savedoff of counsel), for appellant.
Cheven, Keely & Hatzis, New York (Thomas Torto of counsel), for Nelson Bravo Martinez and Miguel Duran, respondents.
Brand Glick & Brand, P.C., Garden City (Kenneth Finkelstein of counsel), for Belmont Leasing, LLC and Arthur Chavis, respondents.



Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered January 11, 2017, which granted defendants' motion and cross motion for summary judgment dismissing the complaint on the threshold issue of serious injury under Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants made a prima facie showing that plaintiff did not sustain a permanent consequential or significant limitation of use of his cervical spine, lumbar spine, or left shoulder, by submitting the report of their orthopedic expert, who found no significant limitations and negative clinical results, and opined that plaintiff had resolved sprains (see Green v Domino's Pizza, LLC, 140 AD3d 546, 546 [1st Dept 2016]). His finding of a minor limitation in one plane of the left shoulder does not defeat defendants' showing that plaintiff did not have significant or permanent limitation in the use of his shoulder (see Stephanie N. v Davis, 126 AD3d 502 [1st Dept 2015]). In addition, defendants submitted medical reports of plaintiff's treating physician, who found normal range of motion in plaintiff's lumbar spine and left shoulder the day after the accident (see Jno-Baptiste v Buckley, 82 AD3d 578 [1st Dept 2011]). They also submitted plaintiff's deposition testimony, in which he acknowledged that he had a preexisting degenerative lower back condition for which he received Social Security disability benefits, and that he stopped all treatment related to the claimed injuries when he was "cut off" five months after the accident (see Pommells v Perez, 4 NY3d 566, 576 [2005]).
In opposition, plaintiff failed to raise an issue of fact. Plaintiff's physician averred that she found significant limitations in range of motion of plaintiff's cervical spine, lumbar spine and left shoulder both shortly after the accident in 2010, and, most recently, in December 2013. However, she failed to explain the conflicting findings of full range of motion in her own reports prepared the day after the accident and in the next two months (see Colon v Torres, 106 AD3d 458 [1st Dept 2013]; Thomas v City of New York, 99 AD3d 580, 581 [1st Dept 2012], lv denied 22 NY3d 857 [2013]). Moreover, plaintiff failed to adequately explain his cessation of treatment for these claimed injuries five months after the accident, notwithstanding that he had medical coverage through Medicare, and continued to see his primary care doctor regularly for other conditions (see Green, 140 AD3d at 547; Merrick v Lopez-Garcia, 100 AD3d 456, 456-457 [1st Dept 2012]). In light of the extended gap in treatment, plaintiff's physician's opinion that the more severe range-of-motion limitations she found in December 2013 were causally related to [*2]the accident is speculative (see Pommells, 4 NY3d at 574; Merrick v Lopez-Garcia, 100 AD3d at 457).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 5, 2018
CLERK