Ampofo v Key (2019 NY Slip Op 00559)





Ampofo v Key


2019 NY Slip Op 00559


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Friedman, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


8226 304544/15

[*1]Prince Ampofo, Plaintiff-Appellant,
v
Thomas Key, Jr., et al., Defendants-Respondents.


Okun, Oddo & Babat, P.C., New York (Darren R. Seilback of counsel), for appellant.
Thomas M. Bona, P.C., White Plains (Heather Julien of counsel), for respondents.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about October 2, 2017, which, to the extent appealed from, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established prima facie that plaintiff's claimed right ankle and foot sprains were not serious injuries within the meaning of Insurance Law § 5102(d) through affirmed reports by their orthopedist, who documented normal range of motion (see Hernandez v Adelango Trucking, 89 AD3d 407 [1st Dept 2011]; Whisenant v Farazi, 67 AD3d 535 [1st Dept 2009]). They also submitted an affirmed report by an orthopedic surgeon who performed a no-fault peer review, which noted that plaintiff's MRI reports showed osteoarthritis and other conditions, and opined that the right ankle arthroscopy performed four months after the collision was not medically necessary or causally related to the accident.
In opposition, plaintiff failed to raise a triable issue of material fact. He was never diagnosed with anything more severe than a foot or ankle sprain, and his treating podiatrist measured a limitation of only five degrees in one plane of motion at a recent examination (see Gaddy v Eyler, 79 NY2d 955, 957 [1992]; Hernandez v Adelango Trucking, 89 AD3d at 408; Charlton v Almaraz, 278 AD2d 145 [1st Dept 2000]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK