Villar v New York City Hous. Auth. (2021 NY Slip Op 02505)





Villar v New York City Hous. Auth.


2021 NY Slip Op 02505


Decided on April 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 27, 2021

Before: Gische, J.P., Kern, Mazzarelli, Kennedy, JJ. 


Index No. 22235/15E Appeal No. 13667 Case No. 2020-03555 

[*1]Beatrice Villar, Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent.


Law Office of Ryan S. Goldstein, PLLC, Bronx (Ryan S. Goldstein of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.



Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered July 27, 2020, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established prima facie that the complaint should be dismissed by showing that it had no actual or constructive notice of the wet condition of the stairs that plaintiff alleges caused her to slip and fall (see Frederick v New York City Hous. Auth., 172 AD3d 545 [1st Dept 2019]; Manderson v Phipps Houses Servs., Inc., 173 AD3d 459 [1st Dept 2019]). Defendant submitted testimony by the supervisor of its building caretakers, evidence of the janitorial cleaning schedules for the building, and an affidavit by the building's caretaker that she fulfilled her regularly scheduled cleaning duties in the late afternoon of the day before plaintiff's accident, as well as the morning of the accident at about the time of the accident, that during each inspection she found the staircase clean, dry, and free of debris, and that otherwise she would have immediately addressed any dangerous condition she observed.
In opposition, plaintiff failed to raise an issue of fact via her expert opinion, prepared four years after the commencement of the action, which introduced new theories of liability notwithstanding her testimony that she believed that the alleged water hazard was the sole cause of the accident (see e.g. Nicholas v New York City Hous. Auth., 65 AD3d 925, 926-927 [1st Dept 2009]). Even if the stairs were otherwise defective as plaintiff's expert contends, defendants would still be entitled to summary judgment, because there is no evidence that these defects contributed to plaintiff's accident (see Sheehan v City of New York, 40 NY2d 496, 501 [1976]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2021