Hall v Uber Tech., Inc. (2023 NY Slip Op 05984)

Hall v Uber Tech., Inc.

2023 NY Slip Op 05984

Decided on November 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Oing, Pitt-Burke, Higgitt, JJ. 

Index No. 33301/19E Appeal No. 1055 Case No. 2022-05383 

[*1]Harold Hall, Plaintiff, Ashley Hall, Plaintiff-Appellant,
v
Uber Technologies, Inc., et al., Defendants, Vanessa Rose Vargas et al., Defendants-Respondents.

Mitchell Dranow, Sea Cliff, for appellant.
James F. Butler & Associates, Jericho (Linda Meisler of counsel), for Vanessa Rose Vargas and Raul Vargas, respondents.
Marjorie E. Bornes, Brooklyn, for Sulaymon Abdumanofov, respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about November 21, 2022, which granted defendants-respondents' motions for summary judgment dismissing plaintiff-appellant Ashley Hall's claims based on her inability to meet the serious injury threshold of Insurance Law § 5102 (d), unanimously affirmed, without costs.
Defendants satisfied their prima facie burden of showing that plaintiff Ashley Hall did not sustain a serious injury to her shoulders, cervical or lumbar spine by relying on the report of their orthopedic surgeon, who found that plaintiff had normal range of motion, her injuries had resolved, and there was no objective evidence of an orthopedic disability (see Stickney v Akhar, 187 AD3d 425, 425 [1st Dept 2020]; Diakite v PSAJA Corp., 173 AD3d 535, 536 [2019]). Plaintiff's own medical records from treatment contemporaneous to the accident also show that she was discharged from treatment because her conditions were fully resolved.
In opposition, plaintiff failed to raise an issue of fact as to her shoulder injuries since she submitted no admissible MRI reports to show objective evidence of injury and no evidence of permanent or significant limitations in use (see Gblah v New York City Tr. Auth., 173 AD3d 622, 623 [1st Dept 2019]). As for her spinal injuries, plaintiff submitted the report of a doctor who examined her by "video consultation" and failed to explain how he determined that plaintiff had limitations in range of motion, or how his findings can be reconciled with the earlier full range-of-motion findings made by plaintiff's treating physician four months after the accident (see Colon v Torres, 106 AD3d 458, 459 [1st Dept 2013]; Jno-Baptiste v Buckley, 82 AD3d 578, 578-579 [1st Dept 2011]). Based on her sworn testimony that she stopped medical treatment and her own medical records stating she was discharged because she had healed, plaintiff has failed to raise a sufficient issue of fact to defeat the motion (Alston v Elliott, 159 AD3d 575, 576 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2023