Colon v New York City Dept. of Educ. (2024 NY Slip Op 03076)

Colon v New York City Dept. of Educ.

2024 NY Slip Op 03076

Decided on June 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2024

Before: Webber, J.P., Oing, Kapnick, Rosado, Michael, JJ. 

Index No. 23349/20 Appeal No. 2445 Case No. 2023-01606 

[*1]Frankie Colon, Plaintiff-Respondent,
v
New York City Department of Education, et al., Defendants-Appellants.

Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas P. Hurzeler of counsel), for appellants.
PeÑa & Kahn, PLLC, Bronx (Jeffrey J. Schietzelt of counsel), for respondent.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered March 27, 2023, which denied defendants' motion for summary judgment and granted plaintiff's motion for partial summary judgment on his claim pursuant to Labor Law § 240(1), unanimously affirmed, without costs.
Plaintiff claims he sustained an injury to his arm, when during the demolition of defendant school's chimney, he and his coworkers lost control of a large stone causing him to slip on dust and fall atop the scaffold on which he had been working.
The motion court was correct in granting summary judgment in favor of plaintiff, upon finding that the accident was elevation related. While the stone apparently only shifted forward and down approximately two feet, it was of significant weight (see Touray v HFZ 11 Beach St. LLC, 180 AD3d 507 [1st Dept 2020]; Harris v City of New York, 83 AD3d 104 [1st Dept 2011]). Defendants' argument that plaintiff's deposition testimony is contradicted by his earlier 50-h testimony such that it should be rejected as feigned evidence, is not persuasive (compare Williams v Baldor Specialty Foods, Inc., 70 AD3d 522 [1st Dept 2010]). Any seeming inconsistencies concerning the description of the stone and its detachment from the chimney are the result of a forced reading of vague questions and answers in the 50-h transcript. Moreover, the testimony of plaintiff's coworker supports the description of the accident given by plaintiff at his deposition, and defendants submitted no other witness accounts of the accident. Nor was plaintiff the sole proximate cause of his accident, where there was a clear lack of proper hoisting equipment provided to remove the stone from the chimney under demolition (see Quiroz v Memorial Hosp. for Cancer & Allied Diseases, 202 AD3d 601 [1st Dept 2022]). Defendants' claim that plaintiff was conducting unauthorized work that would remove him from the protection of Labor Law § 240(1) is also unsupported by the record.
Plaintiff's Labor Law §§ 241(6) and 200 claims are academic in light of the grant of partial summary judgment on his Labor Law § 240(1) claim (see e.g. Howard v Turner Constr. Co., 134 AD3d 523 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2024