Order, Supreme Court, Bronx County (Stanley Green, J.), entered June 16, 2011, which denied defendants’ motion for summary judgment dismissing the complaint alleging a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to grant the motion as to plaintiff’s 90/180-day claim, and otherwise affirmed, without costs.
Assuming that, with respect to plaintiff’s claims of significant limitation or permanent consequential limitation of use of her right shoulder and cervical and lumbar spine, defendants made a prima facie showing of entitlement to judgment as a matter of law in support of their motion, plaintiff submitted sufficient medical evidence to raise triable issues of fact as to the severity of her injuries and as to the injuries’ causal connection with the accident.
Defendants met their burden as to the 90/180-day claim by relying on plaintiffs testimony that she was confined to bed for only “a month or two” and was unable to perform only a few activities (see Williams v Baldor Specialty Foods, Inc., 70 AD3d 522, 522-523 [2010]; see also Insurance Law § 5102 [d]). Her physician’s findings with respect to her restrictions do not raise a triable issue of fact, since they are based on plaintiffs subjective complaints of pain (see Browne v Covington, 82 AD3d 406, 407 [2011]; see also Below v Randall, 240 AD2d 939, 940 [1997]). Concur — Mazzarelli, J.P., Friedman, Acosta, Freedman and Abdus-Salaam, JJ.