Order, Supreme Court, New York County (George J. Silver, J.), entered April 6, 2012, which granted defendants’ motions for summary judgment dismissing the complaint on the threshold issue of serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motions as to plaintiff Clementson’s claim of permanent consequential or significant limitation to his lumbar spine, and otherwise affirmed, without costs.
Defendants made a prima facie showing that neither plaintiff suffered a serious injury by submitting the affirmed reports of a physician who found normal ranges of motion in all allegedly injured body parts of both plaintiffs and a radiologist who opined that there was no trauma in Clementson’s left knee or left ankle and that the bulging disc in his lumbar spine was attributable to degeneration, and that there was no injury or trauma in Lee’s right shoulder or left ankle (see generally Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]).
In opposition, Clementson raised a triable issue of fact as to his lumbar spine by submitting an affirmation by his physician, who examined him in the period following the accident, then one year later, and again after the defense examination was conducted, and found range-of-motion deficits (see Shu Chi Lam v Wang Dong, 84 AD3d 515 [1st Dept 2011]). The physician also reviewed the MRI film showing a bulging disc, and adequately addressed the defense radiologist’s opinion that such bulges are degenerative in origin by opining that the injury in this 23-year-old plaintiff with no history of back injury was caused by the accident (see Eteng v Dajos Transp., 89 AD3d 506 [1st Dept 2011]).
However, Clementson’s treating physician found near normal range of motion in the left knee, and stated that the MRI showed no abnormalities; moreover, the MRI report noting a tear was unaffirmed (see Eisenberg v Guzman, 101 AD3d 505, 506 [1st Dept 2012]). The physician found a partial tear in Clementson’s left ankle, but no limitations (see Dembele v Cambisaca, 59 AD3d 352 [1st Dept 2009]; Moore v Almanzar, 103 AD3d 415 [1st Dept 2013]). Nevertheless, if Clementson prevails *534 at trial on his serious injury claim, he will be entitled to recover also for his non-serious injuries caused by the accident (see Rubin v SMS Taxi Corp., 71 AD3d 548, 549-550 [1st Dept 2010]).
Plaintiff Lee failed to raise a triable issue of fact, as his physician’s examination of all allegedly injured body parts showed normal ranges of motion, or minimal deficits (see Moore v Almanzar, 103 AD3d at 416; Canelo v Genolg Tr., Inc., 82 AD3d 584, 585 [1st Dept 2011]).
Defendants demonstrated that neither Clementson nor Lee satisfied the 90/180-day category of serious injury, since neither of them alleged any inability to perform his usual and customary activities during the relevant time period, and neither presented evidence sufficient to raise an issue of fact as to that category (see Arenas v Guaman, 98 AD3d 461 [1st Dept 2012]). Concur — Andrias, J.P., Friedman, Moskowitz, DeGrasse and Feinman, JJ.