■ ALBERT E. ACOSTA, Appellant, v ZULU SERVICES, INC., et al., Respondents. [13 NYS3d 34]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered June 26, 2014, which granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the motion to the extent it seeks dismissal of plaintiff's claims of a permanent consequential and significant limitation of use of his cervical and lumbar spine, and otherwise affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not sustain permanent consequential or significant limitations in the spine, knees, and left shoulder by submitting the affirmed report of their medical experts, who determined, after reviewing the MRIs, that the claimed injuries were degenerative, preexisted the accident or were not otherwise caused by the accident (see Santos v Perez, 107 AD3d 572, 573 [1st Dept 2013]). Further, defendants showed that plaintiff had no range-of-motion limitations in his knees or left shoulder (see Clementson v Price, 107 AD3d 533 [1st Dept 2013]).

In opposition, although plaintiff showed evidence of tears in his knees and left shoulder, these tears, standing alone, without any evidence of limitations, are insufficient to raise a triable issue of fact as to whether a serious injury exists in those body parts (see Clementson, 107 AD3d at 533). Plaintiff, however, raised issues of fact as to his cervical and lumbar spine, by submitting the affirmed report of his treating physician, who measured the range of motion of plaintiff's spine and found significant deficits (see Mulligan v City of New York, 120 AD3d 1155, 1156 [1st Dept 2014]).

Defendants met their burden of showing that plaintiff did not sustain a 90/180-day injury, by relying on his deposition testimony that he was confined to bed for only three days and to home for only about a month during the relevant period (see Williams v Baldor Specialty Foods, Inc., 70 AD3d 522, 522-523 [1st Dept 2010]). In opposition, plaintiff failed to raise a triable issue of fact. That plaintiff missed more than 90 days of work is insufficient to raise an issue of fact (see Nicholas v Cablevision Sys. Corp., 116 AD3d 567, 568 [1st Dept 2014]).

If, at trial, plaintiff establishes that his cervical and/or lumbar spine injuries are serious injuries within the meaning of Insurance Law § 5102 (d), he can recover damages for all injuries proximately caused by the accident, even those not meeting the serious injury threshold, such as the injuries to

the knees and left shoulder (*Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549 [1st Dept 2010]). Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Clark, JJ.