■ JOSHUA N. DIAZ et al., Appellants, v SAMUEL ALMODOVAR, Respondent, et al., Defendant. [47 NYS3d 321]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about April 2, 2015, which granted defendants' motion and cross motion for summary judgment dismissing the complaint based on plaintiffs' inability to meet the serious injury threshold of Insurance Law § 5102 (d), unanimously modified, on the law, to the extent of reinstating plaintiff Lettsome's claims of permanent consequential and significant limitations of use injuries to his lumbar spine, and otherwise affirmed, without costs.

Defendants made a prima facie showing that plaintiff Diaz suffered no serious injuries to his spine by submitting the affirmed reports of a radiologist who opined that the MRI films of Diaz's cervical and lumbar spine were unremarkable and revealed no evidence of acute trauma (*see Barry v Arias*, 94 AD3d 499 [1st Dept 2012]). Defendants also submitted the affirmed reports of an orthopedist and a neurologist, who found normal range of motion in Diaz's cervical spine and in his lumbar spine when he cooperated (*see Mulligan v City of New York*, 120 AD3d 1155, 1156 [1st Dept 2014]). In opposition, Diaz failed to raise a triable issue of fact since he submitted only the unsigned report of his physician, which was inadmissible (*see Lazu v Harlem Group, Inc.*, 89 AD3d 435 [1st Dept 2011]). Even if the electronic signature sufficed, Diaz's physician failed to examine his cervical spine and plaintiffs submitted no evidence to rebut the findings of defendants' radiologist that Diaz had no spinal injuries.

As to plaintiff Lettsome, defendants met their initial burden by submitting, inter alia, the affirmed reports of their neurologist and orthopedist who found normal range of motion in his cervical spine, and of a different radiologist, who opined that the MRI of Lettsome's lumbar spine revealed chronic degenerative disc disease and a superimposed disc herniation that was likely degenerative in origin and no evidence of trauma (*see Pietropinto v Benjamin*, 104 AD3d 617 [1st Dept 2013]).

In opposition, Lettsome submitted no evidence to support his cervical spine claim, but raised a triable issue of fact as to his lumbar spine by submitting an affirmed report of his treating physician, who found range-of-motion deficits both months after the accident and recently (*see Shinn v Catanzaro*, 1 AD3d 195, 198 [1st Dept 2003]). The physician also opined that Lettsome's lumbar injuries were causally related to the subject accident. Given the absence of any evidence of degeneration or prior treatment in Lettsome's own medical records, and in light of his relatively young age, his physician's opinion sufficiently rejected the opinion of defendants' expert by attributing the injuries to a different, yet equally plausible, cause, namely, the accident (*see Grant v United Pavers Co., Inc.*, 91 AD3d 499 [1st Dept 2012]). If Lettsome establishes a serious injury at trial, he may recover for all injuries incurred as a result of the accident, even those that do not meet the serious injury threshold (*see Rubin v SMS Taxi Corp.*, 71 AD3d 548, 550 [1st Dept 2010]).

Defendants demonstrated the absence of a 90/180-day injury by relying on plaintiffs' allegations and testimony that they were confined to bed and home for less than two weeks, and plaintiffs submitted no evidence to raise an issue of fact as to those claims (*see Arenas v Guaman*, 98 AD3d 461 [1st Dept 2012]). Concur—Sweeny, J.P., Andrias, Manzanet-Daniels, Gische and Webber, JJ.