Abreu v Miller (2020 NY Slip Op 01552)





Abreu v Miller


2020 NY Slip Op 01552


Decided on March 5, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2020

Richter, J.P., Oing, Moulton, González, JJ.


11202 22344/12E

[*1] Ashleigh Abreu, etc., et al., Plaintiffs, Belkys Sosa, etc., Plaintiff-Appellant,
v
Su-Wang Miller, et al., Defendants-Respondents.


Law Offices of Donald M. Zolin, New York (Donald M. Zolin of counsel), for appellant.
Maroney O'Connor, LLP, New York (Darian A. Bryan of counsel), for respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered July 23, 2018, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff Belkys Sosa's 90/180-day claim, unanimously affirmed, without costs.
Defendants established prima facie entitlement to judgment as a matter of law on the 90/180-day claim. Defendants submitted the affirmed report of an orthopedic surgeon, showing normal range of motion in plaintiff's cervical and lumbar spine with no evidence of tenderness or spasm, and plaintiff's own records showing only minor limitations in range of motion. Defendants therefore showed the absence of serious injury that would prevent plaintiff from performing substantially all of her usual and daily customary activities during the relevant time period (see Galarza v J.N. Eaglet Publ. Group, Inc., 117 AD3d 488, 489 [1st Dept 2014]; Insurance Law § 5102[d]). Moreover, plaintiff's bill of particulars noted that she was not confined to her bed or home for any period of time, and plaintiff testified that she was confined to her home for only a few weeks following the accident (see Merrick v Lopez-Garcia, 100 AD3d 456, 457 [1st Dept 2012]).
In opposition, plaintiff failed to raise a triable issue of fact. Her subjective complaints of continuing pain and the inability to work are insufficient to demonstrate a 90/180-day injury without objective support in the record (see Rosa-Diaz v Maria Auto Corp., 79 AD3d 463, 464 [1st Dept 2010]). The statement of plaintiff's physician that she is "disabled" is insufficient to sustain her 90/180-day claim, as this statement related only to her ability to perform her prior work as a mail carrier (see e.g. De La Rosa v Okwan, 146 AD3d 644 [1st Dept 2017], lv denied 29 NY3d 908 [2017]). He did not indicate why plaintiff was "disabled" from this job, explain which aspects of the job she could not perform, or address her ability to perform activities of daily living. Furthermore, the physician's 2012
notation that plaintiff could perform her customary activities as tolerated is at least partially inconsistent with his opinion as to her disability.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2020
CLERK