Cortez v Bray (2021 NY Slip Op 01352)





Cortez v Bray


2021 NY Slip Op 01352


Decided on March 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 09, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Kennedy, Shulman, JJ. 


Index No. 20908/14 Appeal No. 13303 Case No. 2020-01893 

[*1]Natalie Cortez, Plaintiff-Appellant,
v
Donald R. Bray, Defendant-Respondent.


Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellant.
James G. Bilello & Associates, Hicksville (Alina Vengerov of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered March 3, 2020, which granted defendant's motion for summary judgment dismissing the complaint based on plaintiff's inability to meet the serious injury threshold of Insurance Law § 5102(d), unanimously affirmed, without costs.
Plaintiff alleges that she sustained serious injuries, including lumbar strain, as the result of a car accident that occurred in 2011. Defendant met his prima facie burden of showing that plaintiff did not sustain a serious injury, through the report of his medical expert who found that plaintiff had no limitations in range of motion or other positive findings upon examination, and noted that plaintiff's medical records included "unremarkable" reports of X-ray and MRI tests performed shortly after the accident (see Haniff v Khan, 101 AD3d 643, 643 [1st Dept 2012]). Through plaintiff's deposition testimony, defendant also showed that plaintiff ceased treatment within four months of the accident (see Pommells v Perez, 4 NY3d 566, 576 [2005]).
In opposition, plaintiff failed to raise a triable issue of fact as to whether she sustained a serious injury to her lumbar spine. Plaintiff submitted unaffirmed medical records which are inadmissible, with the exception of the MRI and X-ray reports as their results were relied upon by defendant's medical expert (see e.g. Clemmer v Drah Cab Corp., 74 AD3d 660, 661-662 [1st Dept 2010]; see also Rosa v Mejia, 95 AD3d 402, 404 [1st Dept 2012]). Those records support defendant's position that there is no objective evidence of a lumbar injury (see Diaz v Almodovar, 147 AD3d 654, 654 [1st Dept 2017]). Plaintiff's medical expert examined her on one occasion eight years after the accident, so his findings, unsupported by any other evidence of injury causally related to the accident, are too remote to establish causation (see Bogle v Paredes, 170 AD3d 455, 455 [1st Dept 2019]; Shu Chi Lam v Wang Dong, 84 AD3d 515, 515 [1st Dept 2011]). Nor did plaintiff provide an adequate explanation for her cessation of treatment four months after her accident (see Alverio v Martinez, 160 AD3d 454, 455 [1st Dept 2018]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2021