Lara v Kadir (2022 NY Slip Op 00504)





Lara v Kadir


2022 NY Slip Op 00504


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Acosta, P.J., Renwick, Moulton, Scarpulla, Higgitt, JJ. 


Index No. 26919/19E Appeal No. 15149 Case No. 2021-03901 

[*1]Jaime Giovanni Pincay Lara, Plaintiff-Respondent,
v
Abdul Kadir, Defendant-Appellant.


Goldberg, Miller & Rubin, P.C., New York (Warren Holland of counsel), for appellant.
Law Office of Ryan S. Goldstein, PLLC, Bronx (Ryan S. Goldstein of counsel), for respondent.



Order, Supreme Court, Bronx County (Theresa M. Ciccotto, J.), entered on or about April 7, 2021, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendant, who owned the home in which plaintiff was injured, hired a nonparty contractor to replace an old staircase leading from the first floor to the basement. During the construction of the new staircase, plaintiff, who was employed by the contractor, stepped on a two-by-four that was holding the stairs in place against the wall; the wood broke and a screw sticking out of it injured plaintiff's lower leg.
First, defendant established prima facie that he did not create the allegedly unsafe condition in the unfinished staircase (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143-144 [1st Dept 2012]). Although defendant testified that he tried to repair the old staircase before hiring the contractor, the uncontradicted evidence showed that the contractor removed the old staircase and that plaintiff was injured on a screw attached to the new staircase. The new staircase was built entirely by the contractor.
Further, plaintiff's testimony that defendant gave the contractor instructions on where to place the staircase and general instructions on how he wanted the construction to proceed does not, without more, raise a triable issue of fact as to whether defendant created the condition. On the contrary, the mere retention of general supervisory powers over an independent contractor, as opposed to the giving of specific directions on how to do the work, cannot form a basis for the imposition of liability against the principal (Fernandez v 707, Inc., 85 AD3d 539, 540 [1st Dept 2011]).
There is also no evidence in the record that defendant had actual or constructive notice of the condition in the unfinished staircase, as the protruding screw was not visible and apparent, nor is there any evidence showing that it existed for a sufficient length of time before the accident to permit defendant to discover and remedy it (see Gordon v Am. Museum of Natural History, 67 NY2d 836, 837 [1986]; Velocci v Stop & Shop, 188 AD3d 436, 439 [1st Dept 2020]). In fact, plaintiff testified that he went up and down the new staircase numerous times and saw no defect on the staircase until the wood upon which he was stepping broke.
Contrary to plaintiff's allegations, defendant's submission of an attorney affirmation attaching deposition testimony was sufficient to support its motion, even in
the absence of an affidavit from someone with personal knowledge (see Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022